# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CODY PING, KEYVON PHILLIPS,
and ZACHARY TARANTO

Case No.

Hon.

     Plaintiffs,

v.

**COLLECTIVE ACTION**
**FAIR LABOR STANDARDS ACT**

LETAVIS ENTERPRISES, INC.

     Defendant.

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiffs*
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com

Emily K. Tyler (P72067)
EMILY TYLER LAW PLLC
*Attorneys for Plaintiffs*
5566 Creekview Drive
Ann Arbor, MI 48108
(855) 401-6110
Emily@EmilyTylerLaw.com

---

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiffs Cody Ping, Keyvon Phillips, and Zachary Taranto, individually and

on behalf of themselves and all similarly situated persons, known or unknown, of

Letavis Enterprises, Inc. ("Plaintiffs"), by and through their attorneys, HURWITZ

LAW PLLC and EMILY TYLER LAW PLLC, and hereby state the following for their Complaint against Letavis Enterprises, Inc. ("Defendant"):

## INTRODUCTION

1.      This is a civil action brought on behalf of individuals who are or were employed by Defendant Letavis Enterprises, Inc.. In violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* Defendant engages in illegal use of tip-pooling depriving Plaintiffs and similarly situated employees, known or unknown, of fair compensation for their labor.

2.      Defendants have a policy of using a tip-pool to pay their Carwash Attendants. Defendants fail to comply with the FLSA provisions engaging in tip-pooling practices that invalidate the use of the tip-pool.

3.      This set-up violates the FLSA. The tip-pool pays employees who do not customarily or regularly receive tips, including managers. The contribution amounts are not customary or reasonable as more than half of Carwash Attendants' tips are contributed to the pool.

4.      Therefore, Plaintiffs now bring this FLSA collective action on behalf of a class of similarly situated individuals, known and unknown, who were employed by Defendants as Carwash Attendants. They seek all available remedies under the law.

## PARTIES AND JURISDICTION

5.     Plaintiff Cody Ping is an individual residing in Millington, Tuscola County, Michigan.

6.     Plaintiff Keyvon Phillips is an individual living in Frankenmuth, Saginaw County, Michigan.

7.     Plaintiff Zachary Taranto is an individual living in Montrose, Genesee County Michigan.

8.     Defendant is a carwash company with its registered business address in Swartz Creek, Michigan.

9.     The U.S. District Court for the Eastern District of Michigan has subject matter jurisdiction over claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. pursuant to 28 U.S.C. § 1331.

10.     Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant regularly conducts business in the Eastern District of Michigan.

11.     Plaintiffs bring this action on their own behalf and on behalf of others similarly situated, including all individuals in the State of Michigan who may choose to opt-in to this action, who are or were employed by Defendant and who are or were subject to illegal use of tip-pooling under the Fair Labor Standards Act ("FLSA").

12.     Similarly situated individuals may choose to opt-in to this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216b(b).

3

## GENERAL ALLEGATIONS

13.    Letavis Enterprises, Inc. is a chain of Carwashes with locations in Burton, Michigan, Flint, Michigan, Midland, Michigan, Petoskey, Michigan, Clio, Michigan, Flushing, Michigan, Muskegon, Michigan, Saginaw, Michigan, Haslett, Michigan, Lansing, Michigan, Mt. Pleasant, Michigan, Holly, Michigan, Owosso, Michigan, Swartz Creek, Michigan, and Fenton, Michigan.

14.    Plaintiff Cody Ping was employed by Defendant as a Carwash Attendant.

15.    Plaintiff Keyvon Phillips was employed by Defendant as a Carwash Attendant.

16.    Plaintiff Zachary Taranto was employed by Defendant as a Carwash Attendant.

17.    Defendants employed Plaintiffs and similarly situated employees, known and unknown, at each of these locations as Carwash Attendants.

18.    Plaintiffs and similarly situated employees, known and unknown, had their income reported on a W-2 and paid through payroll.

19.    Upon their dates of hire, Plaintiffs were told their wage was $12.50 per hour, plus an average of $20 per day.

20.    Defendant uses a tip-pool, meaning that they share the Carwash Attendants' tips among a pool of employees.

4

21.     Only the tips received by the Carwash Attendants are shared among the members of the tip-pool.

22.     Defendant employed Beau Summers as a manager.

23.     Defendant employed Daniel Schwab as a manager.

24.     Managers share in the Carwash Attendants' tips.

25.     Managers manage the location, receive a salary, hire and fire others, and discipline the Carwash Attendants.

26.     As a result, Carwash Attendants do not receive the full tip amount that customers leave for them.

27.     Carwash Attendants do not receive their full-agreed upon tip amount of around $20 per day as a result of the tip-pool.

28.     Defendant also unlawfully withholds tips from Plaintiffs and other similarly situated employees.

29.     On March 11, 2025, Defendant's manager Beau Summers informed Plaintiffs and other employees that if tasks were not completed by the end of the evening, tips would be unlawfully withheld until the following day.



30.     On August 27, 2025, Defendant's tip-pool sheet details one manager,

Beau Summers, unlawfully receiving tips as part of the tip-pool.



31.     On August 27, 2025, as detailed above, Defendant's manager Beau

Summers unlawfully received $25 in tips from Defendant's tip-pool.

32.     On August 30, 2025, Defendant's tip-pool sheet details one manager,

Daniel Schwab, unlawfully receiving tips as part of the tip-pool.

6

33.     On August 30, 2025, as detailed above, Defendant's manager Daniel Schwab unlawfully received $4 in tips from Defendant's tip-pool.

34.     Defendant fails to adhere to the requirements for tip-pooling, resulting in Plaintiffs and similarly situated employees, known and unknown, being unfairly and illegally compensated for their labor under the FLSA.

## COLLECTIVE ACTION

35.     Plaintiffs incorporate the allegations in the foregoing paragraphs.

36.     Count I is brought as a collective action under the FLSA, 29 U.S.C. § 216(b).

37.     The representatives and those similarly situated have been equally affected by Defendant's invalid use of tip-pooling.

38.     Furthermore, those class members still employed by Defendant may be reluctant to raise individual claims for fear of retaliation.

39.     The issues in this lawsuit present common questions of law and fact

that predominate over any variations, if any, which may exist between individuals within the class.

40. The representatives, those similarly situated, and Defendant have a commonality of interest in the subject matter and remedy sought.

41. A collective action is appropriate because the Plaintiffs are "similarly situated."

42. The class of individuals on behalf of whom the named Plaintiffs bring this collective action are similarly situated because they have been or are employed in the same or similar positions as the individually named Plaintiffs by Defendant; all individuals were or are subject to the same or similarly unlawful practices, policies, or plans as the individually named Plaintiffs; and their claims are based upon the same legal theory as those of the named Plaintiffs.

43. Defendants pay or paid Plaintiffs, and upon information and belief, other members of the class, using invalid tip-pooling practices.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## COLLECTIVE ACTION
## Invalid Use of Tip-Pooling

44. Plaintiffs incorporate the allegations in the foregoing paragraphs.

45. At all times relevant to this action, Plaintiffs and similarly situated persons, known or unknown, were employees of Defendant within the meaning of

the FLSA, 29 U.S.C. § 201, *et seq.*

46.     At all times relevant to this action, Defendant was the employer of Plaintiffs and all similarly situated persons, known or unknown, within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.*

47.     Defendant knowingly, intentionally and willfully failed to comply with the FLSA, 29 U.S.C. § 203(m)(2), in its tip-pooling practices.

48.     In violation of the FLSA and its regulations, 29 C.F.R. § 531.54; Defendant:

   a.     Pays employees who do not customarily or regularly receive tips, including managers, tips from Plaintiffs and similarly situated employees, known and unknown, as part of the tip-pool; and

   b.     Force Plaintiffs and similarly situated employees, known and unknown, to make contribution amounts to the tip-pool that are not customary or reasonable as more than half of their tips are contributed to the pool.

49.     Defendant knowingly, intentionally and willfully failed to pay Plaintiffs properly under the FLSA provisions for tip-pooling.

50.     Defendant had a pattern and practice of failing to properly follow the FLSA provisions for tip-pooling for all of its Carwash Attendants, as evidenced by the experiences of the named Plaintiffs and opt-ins.

9

WHEREFORE, Plaintiffs and similarly situated employees, known and unknown, are entitled to an award of damages including but not limited to restitution for all tips illegally retained through the invalid tip-pool, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest, and other damages as allowed by law and equity.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request the following relief:

a. Permission for individuals throughout the State of Michigan who are currently employed or were employed by Defendant as Carwash Attendants who were subjected to impermissible tip-pooling practices, to opt-in to this action, pursuant to § 216(b) of the FLSA;

b. Restitution for all tips illegally retained through the invalid tip-pool;

c. Liquidated and multiple damages as allowed by law, including double damages under the FLSA;

d. Compensatory damages and punitive damages;

e. An injunction prohibiting Defendant from further violations of the law as described here;

f. Post-judgement assignment of attorneys' fees, costs, and interest; and

g. Any other relief to which Plaintiffs may be entitled.

Respectfully Submitted,
HURWITZ LAW PLLC


/s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Attorneys for Plaintiffs
340 Beakes St., Ste 125
Ann Arbor, MI 48104
(844) 487-9489

Dated: June 23, 2026

11

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CODY PING, KEYVON PHILLIPS,
and ZACHARY TARANTO

       Plaintiffs,

v.

LETAVIS ENTERPRISES, INC.

       Defendant.

Case No.
Hon.


**COLLECTIVE ACTION**
**FAIR LABOR STANDARDS ACT**

---

Noah S. Hurwitz (P74063)
HURWITZ LAW PLLC
*Attorneys for Plaintiffs*
340 Beakes St., Ste. 125
Ann Arbor, MI 48104
(844) 487-9489
noah@hurwitzlaw.com

Emily K. Tyler (P72067)
EMILY TYLER LAW PLLC
*Attorneys for Plaintiffs*
5566 Creekview Drive
Ann Arbor, MI 48108
(855) 401-6110
Emily@EmilyTylerLaw.com

---

## DEMAND FOR TRIAL BY JURY

NOW COMES Plaintiff Cody Ping, Plaintiff Keyvon Phillips and Plaintiff

Zachary Taranto, individually and on behalf of all employees of Letavis Enterprises,

Inc., by and through their attorneys, HURWITZ LAW PLLC and EMILY TYLER

12

LAW PLLC, and hereby demands a jury trial in the above-captioned matter for all issues so triable.

Respectfully Submitted,
HURWITZ LAW PLLC

/s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Attorneys for Plaintiffs
340 Beakes St., Ste 125
Ann Arbor, MI 48104
(844) 487-9489

Dated: June 23, 2026